{¶ 24} Although I concur in both the opinion and judgment of this court, I write separately to indicate that, in my view, a prosecutor need not participate in plea negotiations directly with an accused in order to implicate Evid.R. 410(A)(5). In my view, this rule is implicated when a police officer, having apparent authority to do so, purports to be negotiating with an accused on behalf of a prosecutor.
 {¶ 25} I understand the reason behind the rule to be to encourage an accused to speak freely in the course of plea negotiations, without having to fear that any statements made in the course of those discussions would be used against him at trial. That policy is implicated whenever an accused reasonably believes that he is negotiating with a prosecutor, even if the prosecutor's participation is through the apparent agency of a police officer.
 {¶ 26} I agree with the majority, however, that this issue is sufficiently novel that the defendant's trial counsel was not constitutionally ineffective for having failed to think of it. Accordingly, I concur in the opinion and judgment of this court.